72 P.3d 354

**STATE of Arizona Appellee,**

v.

**Miguel Angel IBANEZ, Appellant.**

**No. 1 CA–CR 00–0821 RT.**

Court of Appeals of Arizona,
Division 1.

June 26, 2003.

Terry Goddard, Attorney General, Phoenix, By Randall M. Howe, Chief Counsel, Criminal Appeals Section, and Cari McConeghy–Harris, Assistant Attorney General, for Appellee.

James R. Rummage, Deputy Public Defender, Phoenix, for Appellant.

**SUPPLEMENTAL DECISION ORDER**

HALL, J.

¶ 1 In *State v. Ibanez*, 201 Ariz. 56, 31 P.3d 830 (App.2001), applying the automatic-reversal rule for erroneous denials of challenges for cause adopted by the Arizona Supreme Court in *State v. Huerta*, 175 Ariz. 262, 855 P.2d 776 (1993), we reversed defendant's convictions for aggravated DUI and remanded for a new trial. The supreme court has remanded this case for our reconsideration in light of its recent decision in *State v. Hickman*, 205 Ariz. 192, 68 P.3d 418 (2003), overruling *Huerta's* automatic-reversal rule.

¶ 2 Upon reconsideration, we find *Hickman* controlling because defendant, as did Hickman, used one of his peremptory challenges to cure the court's error; therefore, "an objectionable juror was not forced upon him." *Id.* at 201, ¶ 41, 68 P.3d at 427. Thus, the trial court's error in refusing to dismiss juror N.D. is subject to harmless-error analysis. *Id.* at 198, ¶ 28, 68 P.3d at 424.

¶ 3 Defendant does not contend that the jury that convicted him was not fair and impartial; hence, we find that the trial court's error in failing to excuse the juror was harmless. Because the *Huerta* error

was the sole issue raised by defendant on appeal, we vacate our previous opinion and now affirm defendant's convictions and sentences.

EHRLICH, Acting P.J. and WEISBERG, J., concurring.